IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONY LEE MUTSCHLER,                )
                                   )
         Plaintiff,                ) Civil Action No. 09-265 Erie
                                   )
    v.                             )
                                   ) Magistrate Judge Susan Paradise Baxter
SCI ALBION CHIEF HEALTH CARE       )
ADMINISTRATOR and                  )
RN. MS. SANDY MALENA               )
         Defendants.               )

# OPINION AND ORDER[1]

## I.   Introduction

Pending before the Court are several motions. The first is Defendants' motion to dismiss Plaintiff's original complaint [ECF No. 13]. After they filed this motion, Plaintiff filed a document entitled "Motion For Quash Of Defendants' Dismissal Claim and Enter Declaration Of Evidence To Support Claim" [ECF No. 17], which the Court construes as a response to Defendants' initial motion. Plaintiff also filed an Amended Complaint [ECF No. 18]. Defendants then filed a supplemental motion to dismiss the Amended Complaint [ECF No. 19].

Defendants' motion to dismiss Plaintiff's original complaint [ECF No. 13] is moot because that complaint has been superceded by the allegations made in the Amended Complaint. Plaintiff's motion [ECF No. 17] is granted to the extent that he is requesting permission to file a response to Defendants' initial motion. Finally, for the reasons set forth below, the Court will grant Defendants' supplemental motion to dismiss the Amended Complaint [ECF No. 19].

### A.   Background

Plaintiff, Tony Lee Mutschler, is a state prisoner who is currently incarcerated at the State

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Correctional Institution ("SCI") in Albion, Pennsylvania. He has filed this civil rights action under 42 U.S.C. § 1983 against Sandy Malena, a Registered Nurse working at SCI-Albion, and the Chief Health Care Administrator of that institution, Maxine Overton. In his Amended Complaint, he contends that Defendants violated his rights under the Eighth Amendment, Fifth Amendment, and the Fourteenth Amendment. He also claims that Defendants violated his rights under Title II of the Americans With Disabilities Act (the "ADA").

In support of his claims, Plaintiff alleges that he informed the medical department at SCI-Albion that he was allergic to latex. In October of 2008, Defendant Malena issued him a product that contained latex. He used the product at night and fell asleep with it on and/or while using it. When he awoke, he discovered that the product had caused him to blister, resulting in scarring to his penis. He contacted Defendant Overton and told her about the incident and she assured him that it would not happen again. Around five months later, on March 14, 2009, Defendant Malena once again issued him a product containing latex. As soon as he realized he was having a reaction, he removed the product and therefore did not require medical attention. He states that he was "almost" given the product a third time on April 10, 2009, by a different nurse. [ECF No. 18 at p. 2; see also ECF No. 17 at p. 1]. Plaintiff alleges that: "She was reckless and indifferent with her patient care and [his] special medical need[s]." [ECF No. 18 at p. 1]. It is unclear if the "she" to which he is referring is Defendant Malena, Defendant Overton or the other nurse. Plaintiff seeks compensatory and punitive damages and equitable relief in the form of an order directing that he be transferred to another corrections institution.[2]  [ECF No. 18 at p. 1].

In their supplemental motion to dismiss [ECF No. 19], Defendants contend that this action

---

[2] Plaintiff also requests that the Court suspend Defendant Malena's nursing license for two years. The Court does not have the authority to grant such relief. Only Pennsylvania's State Board of Nursing has the authority to suspend or revoke licenses for professional nursing in the Commonwealth. 63 Pa.Stat. §§ 224, 225, 225(1)-(3). Plaintiff also states that he would "compromise for" an order from the Court directing the Department of Corrections to immediate release him from its custody. That type of relief would only be available to him in a federal habeas action pursuant to 28 U.S.C. § 2254 and only upon a showing that his judgment of sentence is unconstitutional. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)

2

should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a cognizable claim upon which relief can be granted. Plaintiff has filed a response [ECF No. 23] and the motion now is ripe for review.

### B. Standards Of Review

#### 1. *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 647 (7th Cir. 1992); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to

3

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by Plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."  Smith v. Sullivan, No. 07-cv-528, 2008 WL 482469, at *1 (D.Del. Feb. 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 (internal quotations omitted).

Recently, the United States Court of Appeals for the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."

\* \* \*

4

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11 (3d Cir. 2009) (internal quotations and citations omitted) (emphasis added).

### C. Discussion

#### 1. Eighth Amendment Claim

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Thus, "[i]n order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Defendants argue that Plaintiff has failed to state a cognizable Eighth Amendment claim because he has not established that they acted with deliberate indifference. The Court agrees.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Importantly, deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S.

5

825, 837-38 (1994); Estelle, 429 U.S. at 106. The Supreme Court has held that:

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 105-06; see also Rouse, 182 F.3d at 197 ("it is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'").

Here, Plaintiff contends that on two occasions Defendant Malena gave him a product containing latex notwithstanding the fact that she knew or should have known that he was allergic to latex. He does not allege that Defendant Malena deliberately exposed him to latex on the two occasions at issue, and his only specific allegation regarding Defendant Overton is that she assured him after the first time he was exposed to latex that it would not happen again. His allegations against each defendant sound in negligence and do not rise to an Eighth Amendment violation. Plaintiff does state in his Amended Complaint that one of the defendants (he could be referring to either Malena or Overton) "was reckless and indifferent with her patient care and [his] special medical need[.]" [ECF No. 18 at p. 1]. This rote allegation – which he made in his Amended Complaint in response to Defendants' contention that he was making a claim of negligence only – does not save his Eighth Amendment claim from dismissal. As the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice" to state a claim. Iqbal, 129 S.Ct. at 1949. Cf. Mann v. Brenner, No. 09-2461, — F.App'x — , 2010 WL 1220963, at *4 (3d Cir. Mar. 30, 2010) (affirming the dismissal of plaintiff's equal protection claim and holding that his "bald assertions that the defendants violated his right to equal protection ... 'amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim.' Iqbal, 129 S.Ct. at 1951.").

In sum, even liberally construing Plaintiff's Amended Complaint, the Court finds that it

alleges no constitutional violation. Thus, Plaintiff has not alleged a proper claim under 42 U.S.C. § 1983 and Defendants' supplemental motion to dismiss is granted with respect to his Eighth Amendment claim.

### 2. Fifth Amendment Claim

Plaintiff claims that Defendants violated his Fifth Amendment rights. The Fifth Amendment provides in full that:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. Amend. V. None of the provisions of the Fifth Amendment are implicated by Plaintiff's complaint. Additionally, neither defendant is a federal actor and, hence, the Fifth Amendment is inapplicable. See Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997) ("The Fifth Amendment obviously does not apply here-the acts complained of were committed by state rather than federal officials."). Accordingly, the Court grants Defendants' supplemental motion to the extent they seek to have Plaintiff's Fifth Amendment claim dismissed.

### 3. Fourteenth Amendment

Plaintiff claims that Defendants violated his equal protection rights. [See ECF No. 23 at p. 2]. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. In order to state an equal protection claim, Plaintiff must show that: (1) he was, compared with others similarly situated, selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations. See Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985); Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008). Plaintiff has not alleged disparate treatment against him in comparison with those similarly situated. He has not even alleged a class of persons with whom he is similarly situated upon which

to base a claim of disparate treatment. Under Iqbal, his equal protection claim cannot survive this deficient pleading. Defendants' motion is granted in this regard.

### 4. The ADA

Plaintiff claims that his rights pursuant to Title II of the ADA were violated by the Defendants when he was denied adequate medical care. Defendants are correct that this claim must be dismissed.

Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The term "public entity," as defined by Title II of the ADA, does not include individuals. 42 U.S.C. § 12131(1). Thus, the law is clear that individuals, sued in their official capacities, are not "public entities" under the ADA and are not subject to liability thereunder. Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002) (suggesting in dicta that "individuals are not liable under Titles I and II of the ADA") citing Garcia v. S.U.N.Y. Health Sciences Ctr., 280 F.3d 98, 107 (2d Cir. 2001) (holding Title II does not allow suits against individuals)).³ Accordingly, Plaintiff's ADA claims against the Defendants are barred as a matter of law and must be dismissed.

Second, a claim under Title II requires Plaintiff to show that: 1) he is an individual with a disability; 2) he was either excluded from participation in or denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and 3) that such exclusion, denial of benefits or discrimination was by reason of his disability. Wagner v. Fair Acres Geriatric Center, 49 F.3d 1002, 1009 (3d Cir. 1995); Douris v. Dougherty, 192 F.Supp.2d 358, 368 (E.D. Pa. 2002). Plaintiff has failed to allege facts that would meet all of the elements of a Title II ADA claim.

---

³ The Court notes that an exception to this general rule has been recognized by the Third Circuit Court to the extent a plaintiff seeks prospective injunctive relief against state officials acting in their official capacities. Koslow v. Commonwealth, 302 F.3d 161, 178 (3d Cir. 2002). Plaintiff does not seek injunctive relief in this case.

For both of the aforementioned reasons, the Court grants Defendants' motion to the extent they seek dismissal of the ADA claim.

## II.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss the original complaint [ECF No. 13] is dismissed as moot. Plaintiff's motion [ECF No. 17] is granted to the extent that he is requesting permission to file a response to Defendants' initial motion. Defendants' supplemental motion to dismiss the Amended Complaint [ECF No. 19] is granted. The Clerk of Courts shall mark this case closed.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  September 23, 2010

cc:     counsel of record and

Tony Lee Mutschler
FK-9033
SCI ALBION
10745 RT 18
ALBION, PA 16475

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY LEE MUTSCHLER, | ) |
| Plaintiff, | ) Civil Action No. 09-265 Erie |
| v. | ) Magistrate Judge Susan Paradise Baxter |
| SCI ALBION CHIEF HEALTH CARE ADMINISTRATOR and RN. MS. SANDY MALENA | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 23rd day of September, 2010, it is hereby ORDERED that:

1. Defendants' motion to dismiss the original complaint [ECF No. 13] is DISMISSED AS MOOT;

2. Plaintiff's motion [ECF No. 17] is GRANTED to the extent that he is requesting permission to file a response to Defendants' motion to dismiss the original complaint;

3. Defendants' supplemental motion to dismiss the Amended Complaint [ECF No. 19] is GRANTED; and,

4. The Clerk of Courts shall mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: counsel of record and

Tony Lee Mutschler
FK-9033
SCI ALBION
10745 RT 18
ALBION, PA 16475